ORDER
HACKNEY, JUDGE:
An application of the claimant, T imothy A. Powell, for an award under the West Virginia Crime Victims Compensation Act, was filed June 29, 2006. The report of the Claim Investigator, filed February 14,2007, recommended that no award be granted, to *344 which the claimant filed a response in disagreement. An Order was issued on March 29, 2007, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed A.pril 5,2007. This matter came on for hearing June 11, 2008, the claimant appearing in person, and the State of West Virginia by counsel, Benjamin F. Yancey, Ill, Assistant Attorney General.
On September 17, 2004, the thirty-year-old claimant was the victim of criminally injurious conduct in St. Albans, Kanawha County. The claimant testified that when he came home from work, he noticed that there were approximately six to eight piles of dog excrement on his porch. The claimant suspected that his neighbor, David Krise, had thrown the dog excrement over the porch with a shovel. Mr. Knse resided in a house next to the apartment building where the claimant lived and had four or five dogs. The claimant walked over to Mr. Krise’s house to find out why he had thrown dog excrement on his porch. As he was walking over to Mr. Krise’s house, the claimant called his cousin, Jason Powell, a Kanawha County deputy sheriff, on his cellular phone to tell him about the situation. By the time the claimant stepped onto Mr. Krise’s porch, he had finished his telephone conversation with Deputy Powell. When the claimant knocked on the door, a lady answered. He said, “What’s going on? I see that there’s a lot of crap on my porch. I don’t know what the problem is. If there’s a problem, we need to figure it out because I can’t afford to lose my house.” The lady responded, “Well, we have issues.” Suddenly, Mr. Krise slung the door open and struck the claimant with a two-by-four board.
The claimant testified at the hearing of this matter that he never saw nor spoke to Mr. Krise prior to this incident. The claimant stated that it wasn’t until one year later that he discovered that his roommate, Daniel Winnell, had gotten into an argument with Mr. Krise and had thrown a condom into Mr. Krise’s swimming pool. The claimant testified that he was not aware of the conflict between Mr. Winnell and Mr. Krise before the incident giving rise to this claim. The claimant no longer lives with Mr. Winnell. The claimant testified that had Mr. Winnell informed him of his past disputes with Mr. Krise, it would have saved the claimant a lot of problems.
As a result of the attack, the claimant sustained a head injury and was admitted to the Charleston Area Medical Center’s Intensive Care Unit for five days. The claimant seeks compensation for medical bills and work loss.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W.Va. Code § 14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained...”
The Claim Investigator’s original finding was that the claimant was guilty of contributory misconduct within the meaning of the statute. The original Order upheld, the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was not guilty of contributory misconduct. It is clear from the evidence that the claimant was unaware of the conflict between Mr. Winnell and Mr. Krise prior to this incident. Further, the claimant had never met nor seen the offender before this event. Thus, the Court concludes that the claimant’s actions did not, in fact, constitute contributory misconduct.
The Court is constrained by the evidence to reverse its previous ruling and find that the claimant was an innocent victim of crime.
*345 Based on the foregoing, the Claim Investigator was directed to prepare an economic loss analysis to ascertain the claimant’s unreimbursed allowable expenses relating to the incident. According to the Investigator’s memorandum of June 19,2008, the claimant’s unreimbursed allowable expenses totaled $8,177.31 in medical expenses and work loss. Therefore, an award in that sum is hereby granted as set forth m that memorandum.